IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | | |
|---|---|---|
| PAMELA COLEMAN, PERSONAL REPRESENTATIVE AND SURVIVING SPOUSE OF ROBERT E. COLEMAN, DECEASED, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF ROBERT E. COLEMAN, DECEASED | | PLAINTIFFS |
| V. | CIVIL ACTION NO. | 4:19-CV-078-GHD-JMV |
| FDJ TRUCKING, LLC, FREDERICK NICHOLS, DANEKINS RODGERS AND JEREMY RODGERS, ALL INDIVIDUALLY, CHADRICK JONES, INDIVIDUALLY, AND JOHN DOES 1-10 | | DEFENDANTS |

NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

**PLEASE TAKE NOTICE** that Defendants FDJ Trucking, LLC ("FDJ") and Chadrick Jones ("Jones") (collectively, "Defendants") through counsel, hereby give notice of the removal of Civil Action No. 2019-0055 CI from the Circuit Court of Washington County, Mississippi, to the United States District Court for the Northern District of Mississippi, Greenville Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**I. Civil Action Removed**

1. On April 24, 2019, Plaintiff filed suit asserting negligence claims against FDJ and Jones, relating to a motor vehicle accident on March 12, 2019, when a vehicle being operated by Robert E. Coleman collided with a tractor-trailer being operated by Jones. The original state court action is styled *Pamela Coleman, Personal Representative and Surviving Spouse of Robert E. Coleman, Deceased, Individually and as Personal on Behalf of All Wrongful Death Beneficiaries of Robert E. Coleman, Deceased v. FDJ Trucking, LLC, Frederick Nichols, Danekins Rodgers and*

*Jeremy Rodgers, All Individually, Chadrick Jones, Individually, and John Does 1-10*, and is filed in the Circuit Court of Washington County, Mississippi, bearing Cause No. 2019-0055 CI. As addressed further below, FDJ Trucking, LLC is a limited liability company with no member being a resident citizen of the State of Mississippi. Further, Chadrick Jones is currently, and was at the time the Complaint was filed, an adult resident citizen of the State of Louisiana.

2. Pursuant to 28 U.S.C. § 1446 and Local Rule 5(b), a true and correct copy of the certified record of state-court proceedings has been requested and will be timely filed as a separate item as soon as it is received. Copies of the Summons and Complaint are attached hereto as **Exhibit A.**

## II. Timeliness of Removal

3. FDJ and Jones were each served with a notice and acknowledgement pursuant to Miss. R. Civ. P. 4(c)(3) on May 10, 2019, and each Defendant executed the notice and acknowledgement on May 15, 2019. **Ex. B.**

4. Removal of this civil action is timely filed by Defendants. *See* 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons. . . .").

## III. Amount in Controversy Exceeds $75,000

5. The Complaint does not contain a specific amount of damages, but a closer study of the allegations proves by a preponderance of evidence that the combination of alleged compensatory and punitive damages in this case demonstrates that the Plaintiff seeks an amount in excess of $75,000. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[T]he party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount."); *Sun Life Assurance Co. of Canada v.*

*Fairley*, 485 F. Supp. 2d 731, 734 (S.D. Miss. 2007). Stated differently, the specific damages and injury alleged by Plaintiff evidence that the value of the underlying claims "likely" exceeds $75,000. *Mooney v. Jimmy Gray Chevrolet, Inc.,* 2017 U.S. Dist. LEXIS 16312, at *2 (N.D. Miss. Feb. 3, 2017).

6. This is an action under Miss. Code Ann. § 11-7-13 seeking "an award of damages for the wrongful death of Robert E. Coleman." **Ex. A**, *Ad damnum*. The Fifth Circuit and its district courts have recognized that actions for wrongful death satisfy the amount in controversy standard even in the absence of reference to a specific amount. *See, De Aguilar v. Boeing Co.,* 11 F.3d 55, 57 (5th Cir. 1993) (holding amount in controversy met where Plaintiff sued for wrongful death); *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 67 (5th Cir. 2010) (holding each of the Plaintiffs' wrongful death claims satisfied the amount in controversy requirement) *Robinson v. Am. Med. Response, Inc.*, 2008 U.S. Dist. LEXIS 91983, at *3 (S.D. Miss. Oct. 28, 2008) (holding that wrongful death action satisfies amount in controversy); *Rogers v. Sunbelt Mgmt. Co.*, 52 F. Supp. 3d 816, 820 (S.D. Miss. 2014) (holding amount in controversy met where plaintiffs seek damages for wrongful death and punitive damages).

7. Moreover, the specific damages sought in the Complaint remove any doubt as the amount in controversy requirement being met. Specifically, the Complaint seeks both punitive damages and damages for "extreme pain and suffering[,]medical expenses[,]damages for loss of property[,]the loss of income[,]the loss of association, love, affection and the loss of enjoyment of life[,]funeral/burial expenses[,]attorney's fees to administer the estate of Robert E. Coleman . . . and all other damages allowed under the Mississippi Wrongful Death Act" **Ex. A,** *Ad damnum*. A broad, sweeping request for damages like this, including the request for <u>extreme</u> pain and suffering makes it more likely than not that the amount in controversy is met when considered with the

Plaintiff's punitive damages claims *See, ABS Ins., Ltd. v. Nat'l Union Fire Ins. Co.,* 51 F. Supp. 2d 762, 772 (E.D. Tex. 1999) ("[c]onsidering these broad claims in conjunction with the considerable amount of payments made by ABS under the Program, the total claim for damages sans aggregation is more likely than not to be for seventy-five thousand dollars"); *Colony Ins. Co. v. Ropers of Hattiesburg, LLC*, No. 2:11cv3KS-MTP, 2011 U.S. Dist. LEXIS 34026, at *9 (S.D. Miss. Mar. 29, 2011) ("[I]t is undisputed that Mississippi juries routinely award damages for pain and suffering . . . in excess of $75,000") (quoting *Holmes v. Citifinancial Mort. Co.*, 436 F. Supp. 2d 829, 832 (N.D. Miss. 2006)); *Doss v. NPC Int'l, Inc.*, 2010 U.S. Dist. LEXIS 42318, 2010 WL 1759153, at *6 (N.D. Miss. Apr. 29, 2010) (taking notice of Mississippi juries routinely awarding such damages in excess of the jurisdictional minimum); *Jenkins v. Kellogg Co.*, 2009 U.S. Dist. LEXIS 57021, 2009 WL 2005162, at *4 (N.D. Miss. July 6, 2009).

      8.     Likewise, a claim for punitive damages, standing on its own, may be sufficient to satisfy the amount in controversy standard. *Simon v. State Farm Mut. Auto. Ins. Co.*, 2018 U.S. Dist. LEXIS 184745, at *5 (N.D. Miss. Oct. 29, 2018) ("a claim for punitive damages alone may be enough to establish the requisite amount in controversy"); *Swanson v. Hempstead*, 267 F. Supp. 3d 736, 740 (N.D. Miss. 2017) ("this Court has held the amount in controversy is satisfied if the plaintiff has requested unspecified punitive damages, which is independently sufficient to satisfy this Court's jurisdictional limit"); *Cartwright v. State Farm Mut. Auto. Ins. Co.*, No. 4:14-cv-00057-GHD-JMV, 2015 U.S. Dist. LEXIS 140436, at *11 (N.D. Miss. Oct. 15, 2015) ("[f]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction").

9. In toto, the Plaintiff's claims easily surpass the requisite bar to show that the amount in controversy excess $75,000. In addition to the authorities set forth above, common sense demonstrates that the amount in controversy in a wrongful death action such as this is in excess of $75,000. *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) ("that the removing party bears the burden of proving the amount in controversy does not mean that the removing party cannot ask the court to make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim").

10. Defendants submit that it is more likely than not that the amount in controversy exceeds $75,000 and, consequently, Defendants have met the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; 28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014).

### IV. Diversity of Citizenship

11. According to the Complaint, the Plaintiff is an adult resident citizen of Washington County, Mississippi. **Ex. A, ¶** 2. Defendant FDJ Trucking, LLC, is a limited liability company organized and existing under the laws of the State of Louisiana and is comprised of the following members, all resident citizens of Louisiana: Frederick Nichols, Danekins Rodgers and Darrell Hoard. Defendant Chadrick Jones is an adult resident citizen of the State of Louisiana. Defendants Frederick Nichols, Danekin Rodgers and Jeremy Rodgers have all been voluntary dismissed from this lawsuit by Plaintiff. A copy of the notice of dismissal served on Defendants is attached hereto as **Exhibit C.** Therefore, in accordance with 28 U.S.C. § 1332, there is complete diversity of citizenship in this case.

## V. Venue

12. Venue of this removed action is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place wherein the removed action is pending: the Circuit Court for Washington County, Mississippi.

## VI. Notice to State Court

13. FDJ and Jones will promptly file a true and correct copy of this Notice of Removal with Circuit Court of Washington County, Mississippi. In accordance with 28 U.S.C. § 1446(d), no further proceedings shall be had in the state court unless this matter is remanded.

## VII. Notice to the Plaintiff

14. Consistent with 28 U.S.C. § 1446(d) and as indicated in the attached Certificate of Service, Plaintiff is being provided with a copy of this Notice of Removal.

**RESPECTFULLY SUBMITTED**, this, the 21st day of May, 2019.

**FDJ TRUCKING, LLC AND CHADRICK JONES**

By: */s/ G. Weathers Virden, Jr.*
Mark C. Carlson (MSB #5871)
John MacNeill (MSB #1811)
G. Weathers Virden, Jr. (MSB #105200)
*Attorneys for FDJ Trucking, LLC and Chadrick Jones*

OF COUNSEL:
**COPELAND, COOK, TAYLOR & BUSH, P.A.**
600 Concourse, Suite 100
1076 Highland Colony Parkway
Ridgeland, Mississippi 39157
Post Office Box 6020
Ridgeland, Mississippi 39158
Telephone: (601) 856-7200
Facsimile: (601) 856-7626

## **CERTIFICATE OF SERVICE**

    I, G. Weathers Virden, Jr., do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

William R. Striebeck
William R. Striebeck, P.A.
Post Office Box 519
Greenville, Mississippi 38702-0519
*Attorney for Plaintiff*

This the 21st day of May, 2019.

                                                     */s/ G. Weathers Virden, Jr.*
                                                   G. Weathers Virden, Jr.